[Civ. No. 1616.   Second Appellate District.—February 14, 1917.]

## FLORENCIA DILGER, a Minor, etc., Respondent, v. C. F. WHITTIER, Appellant.

NEGLIGENCE—COLLISION OF AUTOMOBILES—INJURY TO MINOR—APPEAL—RECORD — PRESUMPTION.—In an action for damages for personal injuries sustained by a child as a result of being struck by an automobile, which was diverted from the roadway and precipitated against her by reason of colliding with another automobile operated by the defendant, it will be assumed on appeal that the jury was justified in finding that the injury was due solely and alone to defendant's negligence in operating his car, where the evidence touching the action of the parties in the operation of their cars was conflicting, and the plat of the location and position of the cars used by the witnesses in testifying not brought up on the appeal.

ID.—EVIDENCE—SPEED OF CAR.—In such an action an objection that a
witness who was allowed to testify as to the speed of defendant's car
had not seen the car in sufficient time prior to the accident to testify
on the subject goes to the weight, rather than to the competency, of
the evidence, and its admission is not error where it differed but
little from the evidence offered by the defendant on the subject.

APPEAL from a judgment of the Superior Court of Kern
County, and from an order denying a new trial. J. W.
Mahon, Judge.

The facts are stated in the opinion of the court.

George E. Whitaker, for Appellant.

Rowen Irwin, and Fred L. Seybolt, for Respondent.

SHAW, J.—This is an action brought by plaintiff, a minor
four years of age, to recover damages for personal injuries sus-
tained while playing in a vacant lot adjoining her father's
place of business, as a result of being struck by an automobile
driven by one Earl Oldham, which, it is claimed, was diverted
from the roadway and precipitated against plaintiff by reason
of colliding with another automobile negligently operated by
defendant. The case was tried by a jury, which rendered a
verdict for plaintiff in the sum of one thousand dollars, for
which judgment was entered in her favor, and from which,
and an order denying his motion for a new trial, defendant
appeals.

Appellant's chief contention is that the verdict is not justi-
fied by the evidence, in that it fails to show that defendant was
guilty of any negligence in operating his car, but, on the con-
trary, shows that the injury sustained was due to Oldham's
negligence.

Not only is the evidence touching the action of both Oldham
and defendant in operating their respective cars conflicting,
but the plat of the location and position of the cars used by
the witnesses in testifying is not before us; hence much of the
testimony is meaningless. No purpose could be served by an
extended reference to the conflicting evidence. Suffice it to
say, there appears to be testimony which *tended* to show and
which, when illustrated by the plat in connection with which
it was given, *might,* and therefore since it is not brought up

we must assume that *it did*, clearly justify the jury in finding that the injury was due solely and alone to defendant's negligence in operating his car.

The accident occurred in the unincorporated town of Fellows, in Kern County, through which a highway, known as the Midway Road, extended north and south. The father of the plaintiff, W. J. Dilger, had a place of business on the east side of this highway, which, between the sidewalks, was some forty-seven feet in width. Adjoining Dilger's place of business on the north were two vacant lots, on one of which and next to the northwest corner of her father's house plaintiff was playing. Defendant was driving a Cadillac car on the *right-hand side* of this highway, going in a southerly direction at a speed of some twenty or twenty-five miles per hour, and Oldham, driving a Ford car, was closely following a Santa Fe car going northerly and traveling near the center of the roadway. At a point about opposite Dilger's place, defendant met the Santa Fe car, when, instead of passing it to the right, he turned to the left thereof, and when clear of the Santa Fe car met the one driven by Oldham, who, while in the rear of and close to the Santa Fe car, was nearer to the sidewalk on his right. At the time it appears that Oldham was traveling at a speed of five miles per hour, and, seeing defendant approaching at a high speed immediately in front of him on the wrong side of the highway, turned sharply to the right, toward the vacant lot, in an effort to escape, when defendant's car collided with the side of the Ford machine, projecting it some fifteen feet against the child on the vacant lot. Presumably the jury concluded the accident would not have occurred had defendant observed the law of the road which required him to pass to the right of the Santa Fe car. On the other hand, Oldham, since he was operating his car slowly on the side of the street to which he was entitled, was not, as shown by the record, guilty of any negligence which contributed to plaintiff's injury. It devolves upon an appellant to affirmatively show prejudicial error. Upon the record presented it cannot be said there is an absence of sufficient evidence to justify the verdict of the jury, which we must presume, in the absence of the instructions, copy of which is omitted from the record, was properly instructed as to the law applicable to the case.

Basing his claim upon the fact that W. J. Dilger's view of defendant's car prior to its colliding with that of Oldham was not of sufficient length as to time as to enable him to testify upon the subject, appellant insists the court erred in permitting him to testify that it was running at a speed of twenty to twenty-five miles per hour. In our opinion, the objection goes to the weight rather than to the competency of the evidence, which differed little, if any, from evidence upon the same subject offered by defendant. In no event could it have affected the verdict.

The court, over defendant's objection, permitted plaintiff to introduce in evidence the torn clothes of the child and to testify as to tears and rents therein. While the evidence was immaterial, inasmuch as it did not tend to show either negligence on the part of defendant or injuries to the child, nevertheless it is impossible to conceive how defendant could have been prejudiced by the ruling. Surely the dress shown to have rents in it was not calculated to appeal to the passions of the jury to such an extent as to cause it to render a verdict for excessive damages; nor is the verdict in this case, when the child's injuries are considered, subject to such objection.

One of the appellant's grounds of motion for a new trial was surprise which ordinary prudence could not have guarded against, in support of which defendant filed the affidavit of his attorney, from which it appears that at some time—whether before or pending the trial is not shown—he placed in the hands of the sheriff of Kern County for service a subpoena for Earl Oldham and one Mait Smith, both of whom, it was claimed, would give material testimony in favor of the defendant; that diligent search was made by said sheriff for said witnesses, without success. No facts are stated from which the court could determine what effort the sheriff made to serve the subpoena, and from aught that is shown to the contrary, defendant did not place the subpoena in the hands of the sheriff with instructions to serve it until the trial was commenced. It cannot be said there was any abuse of discretion on the part of the court in denying the motion upon such ground.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.

Conrey, P. J., and James, J., concurred.