[Crim. No. 727.   Fourth Dist.   Oct. 14, 1949.]

THE PEOPLE, Respondent, v. CLYDE RODGERS,
Appellant.

Harry W. Horton and Reginald L. Knox, Jr., for Appellant.

Fred N. Howser, Attorney General, and William E. James,
Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant was charged with the offense of
manslaughter, i e., violating section 192, subdivision 3(a),
Penal Code. The jury returned a verdict finding defendant
guilty under subdivision 3(b), section 192, Penal Code, a
"misdemeanor" (an included offense). It further found that
the act causing death was done "without gross negligence."
Defendant was granted probation.

█ The only question presented in the briefs on this appeal involves certain given and refused instructions.

Defendant offered one which, in effect, would have told the jury that if it found that deceased was driving his vehicle at such a slow rate of speed as to impede or block normal traffic and such reduced speed was not caused by any of the exceptions enumerated, and if it found that such reduced speed had a causal connection with the happening of the accident and without which the accident would not have happened, then the jury must find defendant not guilty. In another instruction, refused as covered, the jury would have been told that if the accident was proximately caused by the conduct of the deceased, the defendant could not be guilty of the offense charged.

The trial judge did give an instruction to the effect that if it be a fact that decedent was guilty of negligence which was a contributing cause of his death, it was no defense if the *defendant's* own conduct was the *probable cause* of the death and if it constituted manslaughter. Counsel for defendant argues that this last instruction may be sound, as far as it goes, but nowhere did the court instruct the jury that if the conduct of the *decedent* was the *proximate cause* of his own death, the jury would be precluded from finding the defendant guilty.

It has been repeatedly held that contributory negligence is not available as a defense or excuse for crime. (*People* v. *McKee,* 80 Cal.App. 200, 205 [251 P. 675] ; *People* v. *Leutholtz,* 102 Cal.App. 493, 498 [283 P. 292] ; *People* v. *Collins,* 195 Cal. 325, 351 [233 P. 97] ; 40 C.J.S. § 62b, pp. 927-928; and cases cited.)

Any instruction which would cause a jury to believe that the defendant was not guilty if the decedent was also negligent would be contrary to the law enunciated. The first of defendant's proffered instructions might well fall within this classification and it was so regarded in a similar instruction refused in *People* v. *Marconi,* 118 Cal.App. 683, 687 [5 P.2d 974].

The court did specifically instruct the jury in the language of section 192, Penal Code, that "To constitute the kind of manslaughter charged in this case the death of a human being in question must be the proximate result of the commission of an unlawful act not amounting to a felony, or of the commission of a lawful act, which might produce death, in an unlawful manner. . . ."

This was followed by a proper instruction that in order ''To find defendant guilty . . . you must find from the evidence that his conduct not only was of a kind described as essential to constitute . . . manslaughter, . . . but *must* find also that it was a *proximate cause* of the death.involved in this case.'' (Italics ours.) Then follows the usual definition of proximate cause. (See CALJIC, Instruction No. 312, pp. 278-279.)

As a part of the instructions the trial court read the specific allegations of the information charging that the death of the deceased was the proximate result of the driving of the vehicle by said defendant and that the jury was to decide all questions of fact presented by the allegations of the information. Section 192 of the Penal Code was read to the jury, which section recites that the death must be the *proximate result* of the commission of an unlawful act, etc.

The jury was sufficiently instructed that defendant's own unlawful act *must* be the proximate cause of-the death. There was no legal requirement to negatively state the proposition, that is, that if the negligent act of the decedent was the sole proximate cause of his death, the defendant would not be guilty. (See *People* v. *Marconi, supra.*) Although an instruction to this effect might well have been given (*People* v. *Lett,* 77 Cal.App.2d 917, 921 [177 P.2d 47]), no prejudicial error resulted.

The attempted appeal from the order denying motion in arrest of judgment is dismissed. (*People* v. *Okada,* 14 Cal. App.2d 660, 664 [58 P.2d 967].)

Judgment and order denying a new trial affirmed.

Barnard, P. J., concurred.