[Crim. No. 683. Fourth Dist. Jan. 16, 1950.]

THE PEOPLE, Respondent, v. MARK M. DONNELLY, Appellant.

Willard H. Winder for Appellant.

Fred N. Howser, Attorney General, Howard S. Goldin, Deputy Attorney General, and William O. Mackey, District Attorney, for Respondent.

GRIFFIN, Acting P. J.—Defendant was charged with manslaughter in violation of section 192, Penal Code, in that he did wilfully, unlawfully and without malice, while engaged in the driving of a vehicle in the commission of an unlawful act not amounting to a felony, with gross negligence, produce the death of one Thomas Wood.

In a second count he was similarly charged in producing the death of one Ralph Wood.

The defendant pleaded not guilty on each count, waived trial by jury, and by stipulation by respective counsel the case was submitted on the testimony there adduced and the testimony taken at the preliminary examination. By stipulation the transcript was read into evidence. Pictures and charts used in the preliminary examination were, by stipulation, received in evidence and it was further stipulated that both victims came to their death as a result of the accident between their truck and the car driven by defendant Donnelly.

Two witnesses were sworn and examined at the trial and from the record on appeal the facts show that on April 6, 1949, about 2 p. m., one DeWitt was operating his Ford car in an easterly direction on a four-lane highway (No. 99) divided by double white lines, between Beaumont and Banning. He was in the inner left lane and was signaling for a left-hand turn, and was traveling about 25 miles per hour. The Donnelly car (Cadillac) was approaching in the same direction and in the same lane, about 150 to 200 feet behind him. DeWitt gave a left turn signal, slowed down and then gave a signal to stop to make a left turn into a garage. About that time a truck came by him on his right, in the right-hand lane.

Donnelly, according to DeWitt, was traveling approximately 55 to 60 miles per hour and crossed over the double center line, passed and went around the DeWitt car on its left and returned into the west-bound traffic lane. DeWitt heard screeching brakes. Defendant's car, as it passed DeWitt, made a wide swerve, came back into the right-hand or east-bound portion of the highway and skidded in front of and collided with the truck in which the deceased men were riding and which had just passed the DeWitt car. The truck was in the right-hand east-bound lane and seemed to ''go in the air and turned three and a half turns and landed upside down.'' Donnelly's car skidded a distance of 192 feet. The first 50 feet of the marks were from the left wheel and the balance of the distance was from the four wheels. As a result of the collision, the occupants of the truck were killed.

The main argument is that the evidence is insufficient to support the judgment, and much of that argument is contained in the contention that although DeWitt did have an opportunity to observe Donnelly's car he was unable to judge its speed. He did observe it as it approached his car from the rear, in passing and skidding by him, in traveling the distance it took defendant to stop and the length of the skid marks. It is argued that these facts were insufficient for DeWitt to base any estimate of the rate of speed of defendant's car at the time. Defendant never controverted these facts or the estimate given by DeWitt as to the speed of his car. The evidence introduced was competent. The weight to be given thereto was for the trial court to determine from all the facts. (*Hastings* v. *Serleto,* 61 Cal.App.2d 672, 690 [143 P.2d 956] ; *Dilger* v. *Whittier,* 33 Cal.App. 15, 18 [164 P. 49] ; *Shropshire* v. *Pickwick Stages,* 85 Cal.App. 216, 223 [258 P. 1107] ; *Fortier* v. *Hogan,* 115 Cal.App. 50 [1 P.2d 23].)

There is ample evidence to support the conclusion that defendant's vehicle was being driven by him at an excessive rate of speed and that defendant deliberately crossed the white line to pass the DeWitt car on his left, or that the defendant was driving so fast that he lost control of his car.

█ The next complaint is that this court should disapprove of the practice of defendants' waiving jury trial and submitting the prosecution of the case on the transcript of the preliminary examination, citing *People* v. *Stinchcomb,* 92 Cal.App.2d 741 [208 P.2d 396].

The waiver of the right to a jury trial is permissible. Moreover, it has been held that the right to be confronted by the

witnesses against him is a personal privilege which may be waived by the accused, and such a waiver is accomplished when counsel for defendant stipulates that the evidence taken at the preliminary examination may be considered by the court as evidence at the trial. (*People* v. *Tanner,* 77 Cal.App. 2d 181, 188 [175 P.2d 26] ; *People* v. *Cohen,* 94 Cal.App.2d 451 [210 P.2d 911].)

In the instant case defendant was represented by counsel, was present when the stipulation was made, personally waived a jury trial, and the main witness, DeWitt, was sworn, examined and fully cross-examined at the trial. No error resulted. Defendant did not take the witness stand himself nor present any witnesses in explanation of his actions. It may be inferred from the evidence here presented that if defendant had an explanation he would have given it, or that if the evidence were false he would have denied it. (*People* v. *Adamson,* 27 Cal.2d 478, 489 [165 P.2d 3] ; *People* v. *Dozier,* 35 Cal. App.2d 49, 59 [94 P.2d 598].) There is ample evidence to support the judgment of the trial court. (*People* v. *Rodgers,* 94 Cal.App.2d 166 [210 P.2d 71].)

Although defendant attempted to appeal from a claimed order denying a motion in arrest of judgment, the record does not disclose such an order. However, it is not an appealable order, and the attempted appeal therefrom is dismissed. (*People* v. *Okada,* 14 Cal.App.2d 660, 664 [58 P.2d 967].)

Judgment and order affirmed.

Mussell, J., concurred.