[Crim. No. 2692.   Third Dist.   Apr. 23, 1957.]

THE PEOPLE, Respondent, v. JACK HOWARD, Appellant.

James A. Gualco, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and J. M. Sanderson, Deputy Attorneys General, for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment of conviction of unlawful possession of narcotics. Appellant also noticed an appeal from an order denying a motion for a new trial but this purported appeal must be dismissed as no motion for a new trial was made.

At appellant's request, this court appointed James A. Gualco, Esquire, an experienced member of the bar, to represent appellant upon this appeal. Mr. Gualco has reported that a careful review and study of the record disclosed no meritorious ground of appeal. However, appellant, being dissatisfied with the advice of counsel, has filed a brief wherein he asserts that the evidence upon which he was convicted was illegally obtained, that the district attorney was guilty of prejudicial misconduct, and that he was deprived of the effective aid of counsel. We have made an independent study of the record to determine the validity of appellant's contentions.

In the early morning hours of February 2, 1956, two officers of the Stockton Police Department went to appellant's apartment where they had been informed an illegal sale of narcotics had been made on the preceding evening, presumably by one Salvador Meza. Appellant answered the door. When the officers inquired for Mr. Meza, appellant either denied knowing him or advised that he was not there. In any event, the officers departed but returned within a short time with a photograph of Mr. Meza which they showed to appellant, who

acknowledged that he recognized it as a picture of his friend "Sal" or "Sol." The officers then entered and searched the apartment. There, they found marijuana. ██ It is admitted that the officers had no search warrant, and there is a conflict in the evidence as to whether they "walked" in without objection on the part of appellant or whether he "invited" them to enter and search. On appeal this conflict must be resolved against appellant. ██ In any event, no objection was made at the trial to the admission into evidence of the marijuana found in appellant's apartment. The objection thereto cannot be raised for the first time on appeal. (*People* v. *Kitchens,* 46 Cal.2d 260, 262 [294 P.2d 17]; *People* v. *Kelsey,* 140 Cal.App.2d 722, 723 [295 P.2d 462].)

Appellant complains because at the time of sentencing the public defender himself appeared on his behalf, whereas at the trial appellant had been represented by a deputy public defender. Appellant contends that this accounts for the fact that a motion for a new trial was not made. We do not so view the matter. We must assume that the public defender familiarized himself with the case, and that if grounds for a new trial had existed, the deputy who conducted the trial would have so advised his superior. He had ample time to do so. The jury returned its verdict on March 21st, and judgment was pronounced on April 6th. ██ There is nothing in the record to indicate that making a motion for a new trial would have been more than a matter of form. Appellant was not prejudiced by the public defender's failure to do so nor by his appearing, instead of his deputy, at the time of sentencing. ██ Appellant's right to counsel did not include the right to be represented by any particular public defender. (*People* v. *Stroble,* 36 Cal.2d 615, 629 [226 P.2d 330].)

██ Appellant assigns as error the introduction into evidence of the fact that 18 years before he had served one year in a county jail for illegal possession of marijuana. This fact was relevant to appellant's knowledge of marijuana. Clothing taken from appellant's apartment had been found to contain leaves and seeds of marijuana. He had on direct examination identified the clothing as his and said he had no knowledge the clothes contained marijuana, and that he often loaned his clothes to others. Upon cross-examination, he had given an equivocal answer to the question as to whether he knew what marijuana was. He replied, "Well, I have seen it, but I don't know exactly, I don't use it myself." It was proper for the prosecution to establish that he knew what marijuana was.

His conviction of possession of that narcotic evidenced his knowledge thereof. (*People* v. *Torres*, 98 Cal.App.2d 189, 192 [219 P.2d 480].) The court ruled that the evidence was admissible for purposes of impeachment only and to show appellant's familiarity with marijuana. The ruling was correct and affords no basis for reversal of the judgment.

Neither does the alleged misconduct of the district attorney constitute a ground for reversal. Appellant complains that in argument the district attorney prejudicially referred to him as an "assassin of youth." No objection was made at the time. No admonition was asked. There is also some doubt as to whether the reference was to appellant or to marijuana, but in either case, in light of the evidence and for lack of objection, the use of the epithet cannot be said to have caused a miscarriage of justice. (Cal. Const., art. VI, § 4½.)

Our review of the record leads to the conclusion that the appellant was accorded a fair and impartial trial, and that his contentions to the contrary are without merit.

The purported appeal from an order denying a motion for a new trial is dismissed. The judgment is affirmed.

Peek, J., and Schottky, J., concurred.