[Crim. No. 1240.   Fourth Dist.   Aug. 22, 1958.]

THE PEOPLE, Respondent, v. HERSCHEL TRAVIS TOMS, JR., et al., Appellants.

John H. Marshall for Appellants.

Edmund G. Brown, Attorney General, and Joe J. Yasaki, Deputy Attorney General, for Respondent.

MUSSELL, J.—Appellants were charged with violating section 11500 of the Health and Safety Code, a felony, in that on or about November 5, 1957, in Tulare County, they unlawfully had in their possession a quantity of heroin. They entered pleas of not guilty and trial was had before a jury which found them guilty as charged in the information. Motions for new trial and applications for probation were denied. Appellant Toms was sentenced to the state's prison at Vacaville and appellant Moore was sentenced to the state's prison at Corona. This appeal is from the judgments of conviction and from the order denying motions for new trial.

At about 11 a. m. on November 5, 1957, appellants were traveling south on Highway 99 when they were stopped by a highway patrol officer for speeding. Appellant Toms was driving and was given a citation. At about 1 p. m. on the same day another highway patrolman (Morton E. Camp), while patroling the highway in Tulare County, copied an all points radio broadcast concerning the Oldsmobile in which appellants were riding. He observed the Oldsmobile and pulled out after it. The Oldsmobile increased its speed to 80 miles per hour and passed several other cars. The officer finally overtook it and ordered the driver to pull over. The officer then pulled up about 10 feet behind the Oldsmobile after it came to a stop. After satisfying himself that there was nothing in the road or the area of the car and that nothing had been thrown from it, he walked over to the Oldsmobile. Appellant Moore was driving it and appellant Toms was seated in the right front seat. Officer Camp asked appellant Moore for her driver's license and then returned to his patrol car. Appellant Moore got out of the Oldsmobile and started walking toward the officer's car and he told her to go back to the Oldsmobile. Shortly thereafter, when Officer Camp was in his car, appellant Moore got out of the Oldsmobile, carrying a brown paper bag. She walked to the front of the Oldsmobile, crossed in front of it and walked for some distance to the right, away from the highway and front of the

car. Appellant Toms remained seated on the passenger side with his arms over the car door, watching appellant Moore. Officer Camp then proceeded toward appellant Moore. He walked between the two vehicles and along the right of the passenger side of the Oldsmobile. At this time he observed that the area around the Oldsmobile was clear of all "foreign matter." As the officer walked beyond the Oldsmobile toward appellant Moore he had his back to appellant Toms. After retrieving the paper sack which appellant Moore had been carrying, the officer turned back toward the Oldsmobile and saw a crumpled aluminum foil object on the ground, even with the passenger door and 3 feet from the car. The object was bright and shiny and was in the clear dirt area near the car door. The object was about 3 inches long and 1 inch in diameter and was tightly compressed. Appellant Toms was still seated on the passenger side of the Oldsmobile but the car door was partially open. The officer picked up the object and unwrapped the aluminum foil. Inside was a white, lined paper containing a light grey powder substance, which was later analyzed and found to be 139 grains of heroin, of the value of approximately $700.

Other officers were summoned to the scene and a search was made of the Oldsmobile. The officers found between the front and rear seats a clear plastic bag containing three plastic spoons, an eye dropper, and a glass case containing two hypodermic needles. A box of Kleenex containing a white powder, which later was shown to be milk sugar, was found in the trunk, with a roll of aluminum foil, women's and men's clothing, phonograph records, and other items.

Appellants first contend that it was prejudicial error to permit a prosecuting witness to testify as to appellant Moore's prior conviction. We are not in accord with this claim. The record shows that during the trial highway patrolman Elvin E. Rogers testified on direct examination by the district attorney that he was present at and overheard part of a conversation between patrol officer Pieschke and appellant Moore. Officer Rogers testified:

"A. Well, actually I said nothing to either one of the defendants. Officer Pieschke asked Miss Moore, he says, 'Have you been the route before?' And she stated that she didn't know what he was talking about. And then he asked her, he says, 'Have you ever been arrested for narcotics before?' She stated that she had been arrested at one time for possession."

Following this testimony appellant made a motion for a

mistrial. This motion was denied and the jury was instructed as follows:

"Members of the jury, the Court wishes to instruct you and to admonish you that the testimony heretofore had of this officer as to the oral statement made to him by the defendant Moore as to some previous contact with narcotics is admissible only for the purpose of showing, tending to show, knowledge on her part of the nature of narcotics in connection with the possession. You will not consider any other matter. It has no bearing other than that in this case."

The rule is well settled that except when it shows merely criminal disposition, evidence that is relevant is not excluded because it reveals the commission of an offense other than that charged. As is said in *People* v. *Peete,* 28 Cal. 2d 306, 315 [169 P.2d 924]:

" 'The general tests of the admissibility of evidence in a criminal case are: . . . does it tend logically, naturally, and by reasonable inference, to establish any fact material for the people, or to overcome any material matter sought to be proved by the defense? If it does, then it is admissible, whether it embraces the commission of another crime or does not, whether the other crime be similar in kind or not, whether it be part of a single design or not.' "

In *People* v. *Gory,* 28 Cal.2d 450, 455 [170 P.2d 433], it was held that "*knowledge of the presence of the object* as embraced within the concept of 'physical control with the intent to exercise such control' " is the essence of the possession announced by the narcotic statute. And in *People* v. *Candiotto,* 128 Cal.App.2d 347, 353 [275 P.2d 500], it was stated that knowledge of the narcotic character of the article possessed is a necessary ingredient of the offense of possessing narcotics. In the instant case the presence or absence of such knowledge was a material fact and the testimony was properly admitted to show guilty knowledge on the part of appellant Moore. (*People* v. *Torres,* 98 Cal.App.2d 189, 191, 192 [219 P.2d 480]; *People* v. *Howard,* 150 Cal.App.2d 428, 430 [310 P.2d 120].)

Appellants' contention that the evidence was insufficient to support the verdict of the jury is likewise without merit. It is the function of the jury in the first instance, and of the trial court after verdict, to determine what facts are established by the evidence, and before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground of insufficiency of the evi-

dence, it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below. (*People v. Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) ▮ Constructive possession of a narcotic constitutes a violation of section 11500 of the Health and Safety Code. (*People v. White,* 50 Cal.2d 428, 431-432 [325 P.2d 985].) Such possession may be individual, through an agent, or joint with another. (*People v. Bigelow,* 104 Cal.App.2d 380, 389 [231 P.2d 881].) ▮ Exclusive possession need not be shown where several persons are charged with possession of the same contraband and the question of whether the appellants had joint control of the narcotics involved was properly left for the determination of the jury. (*People v. Romero,* 161 Cal.App.2d 404, 405-406 [327 P.2d 205].) ▮ Under the circumstances shown by the record herein the jury could reasonably infer that appellant Toms threw or placed the heroin on the ground where the officer found it, and that appellant Moore was in joint possession thereof may also be inferred from her conduct in diverting the officer's attention while appellant Toms threw the heroin on the ground, as well as by her other acts and conduct shown by the evidence. Under the rules announced herein and the record before us, we cannot hold that the evidence is insufficient to support the verdict.

Judgments and order affirmed.

Griffin, P. J., and McCabe, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.