[Crim. No. 2895.    Third Dist.    July 27, 1959.]

THE PEOPLE, Respondent, v. JUNIOR GRAYSON,
Appellant.

Douglas C. Busath, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and G. A. Strader, Deputy Attorneys General, for Respondent.

SCHOTTKY, J.—An information was filed charging appellant with six counts of violation of the Health and Safety Code, section 11500. Counts I, II, III, V, and VI charged the appellant with having sold a narcotic, marijuana, on October 10, October 13, October 24, October 9, and November 5, 1957, respectively. Count IV charged the appellant with possession of a narcotic, marijuana, on November 6, 1957. Appellant was found guilty by a jury on all six counts, and this appeal is from the judgment entered on the verdicts.

At the trial Hector Reyna, a special investigator for the Bureau of Narcotic Enforcement of California, testified that he had purchased quantities of marijuana cigarettes from appellant on five occasions. The respective purchases were offered in evidence and were properly identified as marijuana.

Appellant was arrested on November 5th, after Reyna had purchased five marijuana cigarettes from him. After the ap-

pellant had been arrested, a search was made of his room by state narcotic inspector, Major McBee, in company with Vallejo police captain, Dan Horan. The arrest of the appellant occurred about 10 p.m. on November 5th, and the search of his room occurred in the early morning hours of November 6th. The officers went to the Manx Hotel, and after inspecting the register and determining that the appellant, Mr. Grayson, lived in room 12, requested and received permission of the landlady to enter the room and they did so after she opened the door for them. A search of the room resulted in the discovery by Captain Horan of 32 marijuana cigarettes hidden in an overstuffed chair in the middle of the room.

Appellant does not argue that the judgment is not supported by sufficient evidence but does contend: (1) That the trial court erred in restricting certain cross-examination; (2) That the trial court erred in permitting one of the witnesses to consult notes during the course of the trial; (3) That the trial court erred in admitting hearsay evidence relating to appellant's occupancy of a room in which marijuana was found; (4) That certain evidence was obtained by illegal search and seizure; and (5) That the trial court erred in excluding certain hotel records.

Appellant contends that the trial court unduly restricted counsel in his cross-examination of prosecution witnesses Hector Reyna and Major McBee. It is argued by the appellant that the cross-examination of Reyna was unduly restricted by the trial court in that counsel was not permitted to test the witness' recollection and credibility.

Mr. Reyna testified on direct examination that he was employed by the State Bureau of Narcotic Enforcement on September 28, 1957. He came to Vallejo for the purpose of making purchases of narcotics and was given a list of places where he could make a connection. He then testified as to the various purchases of marijuana cigarettes from appellant. On cross-examination Reyna was questioned concerning his employment, and in doing so, counsel attempted to bring out facts relating to the recent discharge of a state narcotics agent, Fred Braumoeller. The appellant contends that the restricting of cross-examination on this point was error. This contention is without merit. Whether Braumoeller had been "fired" by the state neither related to any fact testified to by Reyna on direct examination nor tended to impeach the witness or test his credibility or recollection of the facts concerning which he testified.

■ A witness may not be cross-examined on matters which are irrelevant or outside the scope of direct examination for the purpose of testing the witness' credibility, nor may unrelated matters be brought out for the purpose of showing that the witness on other occasions made contradictory statements. (See *People* v. *McCarthy*, 88 Cal.App.2d 883 [200 P.2d 69]; and *People* v. *Sims*, 165 Cal.App.2d 108, at pp. 114-115 [331 P.2d 799].)

■ Appellant also contends that he was not permitted to cross-examine the witness Reyna in regard to Reyna's incarceration in the Alameda County jail, arguing that the fact of Reyna's incarceration impeached his testimony to the effect that he and his wife reside in Oakland. However, the record shows the following: "Q. [By appellant's counsel.] Isn't it a fact that you are presently serving time in the Alameda County Jail? A. That's right, sir. Q. Then you are not residing at the address? THE COURT: Now hold on. By virtue of an Alameda jail sentence for speeding, that is not a change of his residence. He is still a resident of the place of above, Mr. Raftery." We are unable to see how appellant was prejudiced in any way. The question was asked and answered, and there was no prejudicial error in the court's refusal to permit appellant to pursue the matter further.

■ Appellant also contends that the court unduly restricted the cross-examination of the witness McBee. Appellant's counsel was cross-examining witness McBee, a state narcotic inspector, and attempted to elicit facts relating to the question of whether the witness Reyna's wife was addicted to the use of narcotics. No such issue had been brought out upon the direct examination of this witness and the questions were obviously outside the scope of the direct examination. The appellant asserted that the purpose of the questioning was to show a motive which might induce Mr. Reyna to perjure himself. However, not only was this testimony improperly sought to be elicited from Mr. McBee on cross-examination but, if admissible at all, it should have been brought out by the appellant's own witness.

■ It is, of course, true that evidence is admissible for the purpose of showing that a witness has a motive for testifying falsely. ■ The alleged motive in the present case was Mr. Reyna's asserted desire to prevent prosecution of his wife for narcotic addiction or otherwise win favorable treatment from police or prosecuting officials. However, the proper method of showing such motive would have been to establish

that the witness had been promised a reward, or that an inducement or threat held out or made to him in return for testimony favorable to the prosecution motivated him to distort or falsify his testimony.

There was not the slightest attempt by counsel for the appellant to introduce such testimony. He merely attempted to show on cross-examination of Mr. McBee that Mr. Reyna was a user of narcotics (the witness answered that to his knowledge Mr. Reyna was not a user of narcotics), or that Reyna's wife was a narcotic addict. The questions in no way tended to show a motive adverse to the appellant and were properly excluded.

There is no merit in appellant's contention that the trial court committed error in allowing witness Reyna to consult certain memoranda during the course of the trial. He refers to the provisions of the Code of Civil Procedure, section 2047, which provides that a witness may be allowed to refresh his memory by reference to notes or writings made by himself or under his direction at the time when the facts related occurred or when the facts were fresh in his memory. During the course of the trial in the present case, it appeared that Mr. Reyna while on the witness stand had with him certain notes which had been typed by his wife from the witness' original notes made at the time that the facts related therein occurred. The appellant assumes in his argument on appeal that after objection by counsel for the appellant the court permitted the witness to use the notes on the stand and that the witness did so. The appellant has pointed to no portion of the record on appeal which would support any such contention, and an examination of the record clearly indicates that the witness did not consult his notes on the stand after the appellant's objection to the use of the notes was sustained.

There is some indication from the record that this witness may have refreshed his memory during the recess or prior to coming to court. However, it is clearly established that there is no objection to a witness refreshing his recollection and memory prior to taking the witness stand, and there can be no objection to the use of notes for this purpose so long as the notes are not actually used on the witness stand. (*People* v. *Gallardo*, 41 Cal.2d 57 [257 P.2d 29].)

Appellant contends further that the evidence in support of the charge of possession of narcotics is supported solely by incompetent evidence and is therefore insufficient. It is argued that there exists only hearsay evidence to show that

the appellant occupied room 12 of the Manx Hotel where the narcotics were found in the chair. The testimony in support of this count consists of the testimony of Officer Horan and Inspector McBee. After the arrest of the appellant, these officers went to the Manx Hotel where they examined the register and discovered that the appellant was registered in room 12; they further ascertained from the landlady that the defendant was the only one living in the room, and with the assistance of the landlady they entered the room and searched and discovered the marijuana cigarettes. The appellant was seen entering the Manx Hotel just before his arrest.

However, the record shows that there was no objection by counsel for the appellant to the introduction of any of this evidence relating to Count IV charging possession of narcotics. In fact, counsel for the appellant not only failed to object, but much of the testimony on this point was brought out on cross-examination by appellant's counsel. ■ It is a general principle of law, well established in this state, that material and relevant evidence on an issue, even though hearsay and technically incompetent and inadmissible, which is offered and received without objection will be considered in support of the judgment. (*People* v. *Stepp*, 82 Cal.App.2d 49 [185 P.2d 417]; *People* v. *Kelly*, 77 Cal.App.2d 23 [174 P.2d 342].) ■ In the absence of any objection by the appellant, the evidence consisting of the testimony of Inspector McBee and Officer Horan adequately established that the appellant resided in and was the sole occupant of room 12 of the Manx Hotel in which the narcotics were discovered hidden in a chair. The evidence is therefore sufficient to support the judgment on this count. (*People* v. *Vice*, 147 Cal.App.2d 269 [305 P.2d 270]; *People* v. *Noland*, 61 Cal.App.2d 364 [143 P.2d 86].)

■ Appellant contends also that the evidence relating to the count of possession was obtained by illegal search and seizure. Appellant argues that even assuming that the room in which the marijuana cigarettes were found was shown to have been occupied by the defendant the evidence of the possession of the narcotics in the room was obtained by an illegal search and seizure. The record shows that the arresting officers after having arrested the appellant went to his room and there conducted the search in question.

Even if it could be inferred that there was a possible illegal search and seizure in the present case, it is clearly established that this contention may not be raised for the first time on

appeal. The record in the present case shows that there was no objection to the introduction of marijuana cigarettes into evidence and there was no objection to the testimony of the officers who searched the room and found the narcotics. ▪ It is now clearly established by numerous decisions that the exclusionary rule of *People* v. *Cahan*, 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513], is strictly a rule of evidence, and that objections to the introduction of illegally obtained evidence cannot be reviewed on appeal in the absence of a proper objection in the trial court. (See *People* v. *Shannon*, 147 Cal. App.2d 300 [305 P.2d 101] ; *People* v. *Mann*, 148 Cal.App.2d 525 [307 P.2d 48] ; *People* v. *Brittain*, 149 Cal.App.2d 201 [308 P.2d 38].)

▪ An exception to this rule has been made in cases where the trial occurred prior to the issuance of the Cahan decision. (See *People* v. *Maddox*, 46 Cal.2d 301 [294 P.2d 6].) However, the present case was tried long after the decision in the Cahan case, and at the time of trial the Cahan rule was well known throughout the legal profession. If there was any objection which could have been made to the introduction of this evidence on the grounds of illegal search and seizure, that objection should have been made in the trial court; and in the absence of such objection the point must be deemed to have been waived and cannot be raised for the first time on appeal. (*People* v. *Howard*, 150 Cal.App.2d 428 [310 P.2d 120] ; *People* v. *Davis*, 157 Cal.App.2d 33 [320 P.2d 88].)

▪ Appellant's final contention is that the trial court erred in sustaining an objection to the introduction in evidence of a hotel register. The appellant sought to introduce in evidence at the trial a partial or mutilated register of the Hotel Manx. A Mrs. Bell was called as a witness and testified that she was the part-time manager of the hotel in the fall of 1957 and that she was familiar with the hotel register. She was shown a package containing pages which she identified as the hotel register for the periods of September, October, and November, 1957. The pages had been part of a book but had been cut out. The pages had been given to the witness by "her boss." The witness testified that there were two registers, one for "transients" and one for "regulars." These pages were taken from the book for "regulars."

An objection was sustained to the introduction of the pages on the ground that the pages were only a partial record and no sufficient foundation had been laid. This witness then

returned to the hotel and picked up the rest of the register which she brought to court. The witness testified that these were all of the records that she knew of; that she had "access to these books" and "recognized" them. After further argument by counsel, the court denied the appellant's offer to introduce them in evidence.

The appellant states in his opening brief, "It will be admitted that an imperfect foundation was laid for the admission of the records, but the witness testified that they were full and complete records." However, the record very clearly shows that the records were mutilated and that a number of the pages had been removed from the register. The witness when asked whether these were full and complete records replied, "All I know of, yes" and "For all I know about." The trial court refused to permit the introduction of these records upon the grounds that an insufficient foundation had been laid and they were not shown to be true and complete. The records were in fact mutilated, some of the pages having been removed.

The Code of Civil Procedure, section 1953f, provides as follows:

"A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity *and the mode of its preparation,* and if it was made in the regular course of business, at or near the time of the act, condition or event, *and if, in the opinion of the court, the sources of information, method and time of preparation* were such as to justify its admission." (Emphasis added.)

It has been held that this section gives to the trial court a wide discretion in determining whether or not the mode of preparation of business records, etc., justifies their admission. The section specifically provides that the records are admissible "if in the opinion of the court" the sources of information, methods of preparation, etc., justify their admission. This places a broad discretion in the trial court which will not be disturbed on appeal. (*Richmond* v. *Frederick,* 116 Cal.App.2d 541 [253 P.2d 977].)

In the present case the foundation for the admission of these alleged business records was not established. The section above quoted clearly provides that the foundation must include evidence as to the mode of preparation and the fact that the entries were made in the regular course of business at or near the time of the act, condition or event. The only

fact established by the appellant in the present case was the identity of the hotel register. Having failed to show the mode of preparation, there was not sufficient foundation for the introduction of the records. (*Luthringer* v. *Moore*, 31 Cal.2d 489 [190 P.2d 1].) The records were also properly excluded on the grounds that they were not shown to have been made in the regular course of business. (*Pruett* v. *Burr*, 118 Cal. App.2d 188 [257 P.2d 690].)

The judgment is affirmed.

Van Dyke, P. J., concurred.