[Crim. No. 1286.   Fourth Dist.   Sept. 16, 1960.]

THE PEOPLE, Respondent, v. CLIMMIE T. WILLIAMS, Appellant.

Climmie T. Williams, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

GRIFFIN, P. J.—Defendant-appellant was convicted of a charge of violating section 12025 of the Penal Code (carrying concealed weapon in an automobile without a license to do so after having suffered a prior conviction of a felony). Defendant, in open court, while represented by court-appointed attorney, pleaded not guilty to the charge but admitted the prior offense. A jury convicted him and he was sentenced to the state prison. Later he wrote a letter to the county clerk announcing that he wished to appeal his ''case.'' He applied for the appointment of counsel on appeal. The justices of this court, after a thorough investigation of the record and after asking defendant and his former counsel for information as to any possible points that could be meritoriously raised on appeal, determined that the appointment of counsel would not be helpful to the defendant or the court and application was denied. The attorney general has filed a full report of the case and possible law involved.

An examination of the entire record disclosed that on January 2, 1960, at about 10:30 p. m., defendant was driving his 1958 Ford car in an erratic manner between 75 and 80 miles per hour on a road near Corcoran. He was stopped by police officers. Defendant got out of his car and he appeared to be intoxicated. When he was asked if the officers could look in the trunk of his car, defendant took the key from his car, walked around it and opened the trunk lid. In the trunk were found a .22 pump rifle with shells in the magazine and a fully loaded .22 pistol. Defendant was asked if they belonged to him and he replied, ''Yes.'' He said that he had won the revolver in a dice game that day.

In defense of the charge, at the trial, he claimed some people had been riding with him and one offered to sell the pistol for $10 and that later defendant got out of the car and the man placed the pistol in the trunk near the rifle; that later he was informed that the officers were looking for him concerning a pistol; and that he then started towards Stratford to return the gun to the man who had placed it in his trunk. He then testified that he was driving at a slow rate of speed on a road which had holes in it; that he was maneuvering the car from side to side to avoid chuckholes when he noticed a red light

on a car behind him; that he then stopped the car, took the keys and started back to the trunk when one officer approached and asked where he had the pistol; that he said he had it in the trunk and he, defendant, opened the trunk.

In *People* v. *Davis,* 157 Cal.App.2d 33, 36 [320 P.2d 88], the court said:

"It is enough if a person carries concealed within a vehicle any firearm, that the vehicle is under the control or direction of such person, that the firearm is capable of being concealed on the person, and that the person carrying the firearm within the vehicle does not have a license to carry it."

The court there held that the evidence satisfied the statute and it is sufficient precedent for the determination reached in the instant case. The burden was on defendant to show that he had a license to carry the pistol. (*People* v. *Ross,* 60 Cal.App. 163, 166-167 [212 P. 627].) The jury observed the pistol in evidence and could well determine that it was capable of being fired and was a deadly weapon. (*People* v. *McCloskey,* 76 Cal.App. 227, 231 [244 P. 930].) The evidence was sufficient to support the conclusion reached by the jury. No legal issues appear from the record to have been raised at the trial and no brief has been filed raising any particular issue in this respect. Defendant was given time to present any claimed point which might result in a reversal of the judgment. In reply to a request for such information, defendant claims generally that he was not given a fair trial; that he was not guilty of the offense charged because he did not have the gun on his person; that he thought the charge was only a misdemeanor; and that he was appealing because he thought he should have medical attention for his eyes. From our examination of the entire record, we are firmly convinced that no error occurred at the trial. A fair trial was given to defendant and the evidence of defendant's guilt was overwhelming, even by his own testimony.

Judgment affirmed.

Shepard, J., and Coughlin, J., concurred.