**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Elias Ruben GARCIA, Defendant-Appellant.**

No. 76–3158.

United States Court of Appeals, Ninth Circuit.

June 10, 1977.

Victor Sherman, Beverly Hills, Cal., submitted on briefs, for defendant-appellant.

Terry J. Knoepp, U.S. Atty., Herbert B. Hoffman, Asst. U.S. Atty., San Diego, Cal., submitted on briefs, for plaintiff-appellee.

Before HUFSTEDLER, GOODWIN and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant was convicted by a jury of conspiracy to possess with intent to distribute marijuana and cocaine, 21 U.S.C. §§ 841(a)(1) and 846 (Counts 2 and 4); possession with intent to distribute 827 pounds of marijuana and 779 grams of cocaine, 21 U.S.C. § 841(a)(1), (Counts 3 and 5); and possession of a firearm during the commission of a felony, 18 U.S.C. § 924(c)(2), (Count 6). Appellant was sentenced to 3 years on Counts 2 and 3, to run concurrently with a 6-year sentence imposed on Counts 4 and 5. On Count 6 appellant was sentenced to 2 years, to run consecutively with the sentences imposed on Counts 2, 3, 4 and 5.

On appeal appellant contends that the trial court erred in denying his motion for mistrial based on the government's failure to provide discovery of one piece of paper seized from appellant, and that the prosecutor's cross-examination of appellant and his closing argument were improper and prejudicial. Appellant's conviction on Count 6 is questioned on two grounds: First, that there was insufficient evidence produced by the government to establish that the possession of the firearm was in itself unlawful and, second, the trial court's instructions were insufficient as to the essential elements of the offense.

 It appears that due to misunderstanding and a lack of communication between the prosecutor and the case agent, the piece of paper seized from appellant at the time of his arrest was not included in the package of documents that were Xeroxed and given to appellant in response to his discovery motion. The government first realized this oversight when it attempted to introduce the piece of paper in evidence. While we do not condone the manner in which this piece of paper was overlooked, to warrant a reversal, there must be a showing of prejudice to appellant in the preparation of his defense. *Hansen v. United States*, 393 F.2d 763, 770 (8th Cir.), *cert. denied*, 393 U.S. 833, 89 S.Ct. 103, 21 L.Ed.2d 103 (1968); *United States v. Baxter*, 492 F.2d 150, 174 (9th Cir. 1973), *cert. denied*, 416 U.S. 940, 94 S.Ct. 1945, 40 L.Ed.2d 292 (1974). Appellant has failed to make this showing. Moreover, at the time

the oversight was discovered the trial court suspended examination of the witness and permitted counsel an opportunity to review the exhibit overnight with appellant.

In regard to the prosecutor's cross-examination of appellant and his closing argument, the appellant made no objection and only plain error will require reversal. Rule 52(b), F.R.Crim.P. We have reviewed the transcript and no plain error is presented.

Under 18 U.S.C. § 924(c)(2) the act of carrying a firearm must be in and of itself unlawful. *United States v. Akers,* 542 F.2d 770 (9th Cir. 1976). That unlawfulness may be determined by resorting to any other applicable law, federal, state or local. *United States v. Howard,* 504 F.2d 1281 (8th Cir. 1974).

In the present case the evidence regarding appellant's possession of the firearm, taken in the light most favorable to the government, discloses that appellant had a firearm in his front pants pocket and, upon confronting Officer Perkins, appellant removed the firearm from his pocket and briefly pointed it at Officer Perkins before he threw down the gun. There was no evidence that the gun was loaded.[1] The government did not offer proof that it had conducted a records search to determine that appellant did not have a license to carry his firearm, nor did appellant offer any evidence that he did have a license to carry the firearm.

The government argues that this court may take judicial notice of the applicable state statutes and when so noticed they argue that the evidence was sufficient to show that appellant's possession of the firearm violated state law and therefore his carrying was unlawful. *United States v. Rivero,* 532 F.2d 450 (5th Cir. 1976); *see also* Fed.Rules Evid.Rule 201(f). While we agree that this court may properly notice state law, there still must be some evidence in the record showing that appellant's conduct violated state law before we can say that his carrying was unlawful.

The first statute cited to us by the government is California Penal Code § 12025[2] which makes it an offense for a person to conceal a firearm upon his person without having a license to carry that firearm. As stated above, there was no evidence either way tending to show that appellant did or did not have a license to carry his firearm. As such the government has not sustained its burden of proof in showing the various underlying elements necessary to prove that the carrying was unlawful.[3]

1. During the direct examination of Officer Perkins the following took place:
 "Q. What kind of model or make was it?
 A. It was a Liberty .25 caliber automatic.
 Q. Was it loaded or unloaded?
 A. I can't say at that particular time." (R.T. 107)
 Later Officer Perkins was asked again:
 "Q. Seeing the exhibit today, does that refresh your recollection as to whether or not it was loaded on the day in question?
 A. No, Sir, I can't say it was loaded at that particular time. I picked the weapon up and gave it to another agent and then I searched Mr. Garcia and put handcuffs on him. A short time later the agent gave the gun back to me and he had cleared it and taken the clip out of it." (R.T. 108)

2. California Penal Code § 12025 in effect at the relevant time stated in pertinent part:
 "(a) Except as otherwise provided in this chapter, any person who carries concealed upon his person . . . any pistol, revolver, or other firearm . . . without having a license to carry such firearm as provided within this chapter is guilty of an [offense]."
 Substantially the same language is now codified as § 12025(b). *See* 1976 Cal.Legis.Serv. 4837.

3. We are aware that in prosecutions under § 12025 in California the burden is on the defendant to show that he had a license to carry the pistol. *People v. Williams,* 184 Cal. App.2d 673, 675, 7 Cal.Rptr. 604 (1960). *Tot v. United States,* 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943) stands for the proposition that the burden of going forward is not to be freely shifted to the defendant. Such shifting of the burden of going forward is permissible when there is a "rational connection" between the facts proved and the fact presumed or inferred. In this case we can find no "rational connection" between the fact proved (possession of a firearm) and the fact presumed (that the carrying was unlawful). In any event, the burden of proving defendant's guilt beyond a reasonable doubt never shifts. *Leland v. State of Oregon,* 343 U.S. 790, 73 S.Ct. 4, 96 L.Ed. 1302 (1952).

The government also cites California Penal Code § 245[4] which makes an assault with a deadly weapon a violation of state law. It is the government's position that the evidence showing that appellant pointed his gun at Officer Perkins suffices to show a violation of this statute. However, under California law, pointing an unloaded gun at another person with no effort or threat to use it as a bludgeon is not an assault with a deadly weapon because there is no present ability to commit a violent injury. *People v. Orr*, 43 Cal.App.3d 666, 117 Cal.Rptr. 738 (1974). As shown earlier, Officer Perkins was unable to state that the gun was loaded at the particular time in question. Even accepting the evidence that appellant did point his gun at Officer Perkins and the possible inference arising therefrom that the gun was indeed loaded, the question should have been submitted to the jury under appropriate instructions.

In this case the jury was not instructed as to any statute or ordinance, federal, state or city, from which it could make the factual determination that appellant's carrying was unlawful. Thus, even if there was evidence in the case that the appellant had violated some state law, the proper procedure would be to appropriately instruct the jury as to the applicable state law and let them make the factual determination as to whether appellant's conduct had violated that state law, thereby making his carrying unlawful.

We affirm the convictions as to Counts 2, 3, 4 and 5 and reverse the conviction under Count 6.

---

4. California Penal Code § 245 states in pertinent part:

"(a) Every person who commits an assault upon the person of another with a deadly weapon or instrument or by any means of force likely to produce great bodily injury is punishable by imprisonment . . . ."