**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10060 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00120-CRB-1 |
| v. | |
| FREDRICK MACKIE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted April 10, 2018
San Francisco, California

Before:  D.W. NELSON, W. FLETCHER and FISHER, Circuit Judges.

Fredrick Mackie appeals his conviction for being a felon in possession of a

firearm in violation of 18 U.S.C. § 922(g)(1).  We have jurisdiction under 28

U.S.C. § 1291, "[w]e review the denial of a motion to suppress evidence de novo,

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and any underlying factual findings for clear error," *United States v. Torres*, 828 F.3d 1113, 1118 (9th Cir. 2016), and we affirm.

**1.** The woman's tip bore sufficient indicia of reliability. The tip was in person; there were no circumstances to suggest the woman was unreliable; the decision to pursue Mackie immediately rather than questioning the woman further was reasonable; and Mackie's concerned appearance and evasive behavior were consistent with the woman's information. *See United States v. Palos-Marquez*, 591 F.3d 1272, 1275-78 (9th Cir. 2010); *United States v. Sierra-Hernandez*, 581 F.2d 760, 762-64 (9th Cir. 1978).

**2.** The officers also had reason to believe Mackie's possession of a firearm was criminal. The encounter took place in a high crime area known for offenses involving firearms; Mackie's behavior suggested he was attempting to evade the police; Mackie was walking in an unnatural manner, with his arms at a 90-degree angle and pressed against his torso; and, although California law permits a county sheriff to authorize an individual to carry a concealed weapon, *see* Cal. Penal Code § 25655, it is difficult to obtain a concealed carry permit in San Francisco. *See* S.F. Police Department CCW Licensing Policy, available at https://sanfranciscopolice.org/sites/default/files/FileCenter/Documents/25869-CC

2

WLicensingPolicy%5B1%5D.pdf; Fed. R. Civ. P. 201. Under California law, moreover, possession of a concealed weapon is presumptively illegal. *See People v. Superior Court*, 82 Cal. Rptr. 463, 466 & n.7 (Ct. App. 1969); *People v. Williams*, 7 Cal. Rptr. 604, 605 (Ct. App. 1960); *People v. Ross*, 212 P. 627, 628-29 (Cal. Ct. App. 1922). Thus, even if there was a remote possibility that Mackie possessed a firearm lawfully, the officers were entitled to conduct an investigatory stop "to resolve the ambiguity." *Illinois v. Wardlow*, 528 U.S. 119, 125 (2000).

**3.** The pat-down search was also lawful. *See Adams v. Williams*, 407 U.S. 143, 146 (1972) ("'When an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others,' he may conduct a limited protective search for concealed weapons." (quoting *Terry v. Ohio*, 392 U.S. 1, 24 (1968))).

**4.** The stop and frisk did not constitute an arrest. *See Washington v. Lambert*, 98 F.3d 1181, 1185 (9th Cir. 1996). The officers did not use handcuffs or draw their guns; Mackie was not cooperative; Mackie posed a reasonable possibility of danger; the officers told Mackie he was being detained rather than arrested; and the detention was brief. *See id.* at 1188-90.

**5.** No remand for further factfinding is required. The district court found the government's witnesses testified credibly. That finding was not clearly erroneous.

**AFFIRMED.**