[Crim. No. 5499.   Second Dist., Div. Three.   Apr. 12, 1956.]

THE PEOPLE, Respondent, v. MARIE KELSEY, Appellant.

Forno & Umann for Appellant.

Edmund G. Brown, Attorney General, and Robert S. Rose, Deputy Attorney General, for Respondent.

SHINN, P. J.—Marie Kelsey was convicted in a court trial of the possession of marijuana in violation of section 11500 of the Health and Safety Code and was sentenced to serve 60 days in the county jail. She made a motion for new trial which was denied and appeals from that order and from the judgment. The cause was tried upon the evidence received at the preliminary examination and additional evidence at the time of trial. Defendant was represented by counsel but

offered no evidence. Defendant is represented on the appeal by counsel other than the attorney who represented her at the trial.

There was evidence of the following facts. On March 28, 1955, a Los Angeles police officer and a state narcotics officer entered the apartment of the defendant on South Main Street in Los Angeles; defendant was seated at a desk at the far end of the room; she had in her hand what appeared to be a brown paper cigarette which she placed in her mouth; handcuffs were placed upon her; she was asked where the marijuana was, replied that she would tell if the handcuffs were removed; the officers said they would remove the handcuffs if she would tell them. She said it was in the top right hand drawer of the desk; the officers opened the drawer and found two envelopes, one containing 11 brown paper wrapped cigarettes and the other 54 of the same. Defendant said she was not going to say that they belonged to her and was not going to say that they did not but that "there's something more to this case than meets the eye." The content of the cigarettes was identified by an expert in such matters as marijuana and the same was received in evidence.

At the conclusion of the receipt of evidence, the attorney for defendant stated "I will offer no evidence except to point out to the court that there may be a question of unlawful search and seizure, though I am not going to stress the point; at this time we rest."

Upon the hearing of the motion for new trial no affidavit was filed by the defendant but it was argued that a new trial should be granted for the purpose of the receipt of evidence by the People and by the defendant with respect to the lawfulness of the entry of the premises by the officers. It was the theory of the defendant that the burden was on the People to prove that the entry was lawfully made.

At the time of trial defendant's attorney was familiar with the decision of the Supreme Court in the case of *People* v. *Cahan*, 44 Cal.2d 434 [282 P.2d 905], and not only made no objection to the receipt of the evidence or motion to strike, but, in effect, waived any such objection. Since the point was not raised below it will not be considered. (*People* v. *Kitchens*, 46 Cal.2d 260 [294 P.2d 17].)

Moreover, where the evidence shows nothing more than an entry of private premises by police officers and there is an absence of evidence as to the reasons they had for making the entry and whether they had a search warrant, it

will be presumed they acted lawfully in making the entry. (*People* v. *Farrara,* 46 Cal.2d 265 [294 P.2d 21]; *People* v. *Citrino,* 46 Cal.2d 284 [294 P.2d 32]; *People* v. *Maddox,* 46 Cal.2d 300 [294 P.2d 6].)

The judgment and order denying motion for new trial are affirmed.

Wood (Parker), J., and Vallée, J., concurred.