[Crim. No. 5764.   Second Dist., Div. One.   Mar. 18, 1957.]

THE PEOPLE, Respondent, v. ROBERT EUGENE BRITTAIN, Appellant.

Matthews & Hill and John J. Hamilton for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

WHITE, P. J.—In an information filed by the District Attorney of Los Angeles County, defendant was charged with a violation of section 11500 of the Health and Safety Code, in that he unlawfully had in his possession marijuana. The information further alleged that defendant had previously been convicted of a violation of the foregoing code section. A plea of not guilty was entered and the alleged prior conviction was denied. Trial was had before the court sitting with-

out a jury. By stipulation the case of the prosecution was submitted on the transcript of the testimony adduced at the preliminary examination and additional testimony was offered. Defendant did not testify in his own behalf. The court adjudged him guilty as charged and found the allegation of a prior conviction to be true. His motion for a new trial was denied and he was sentenced to state prison. From the judgment of conviction and the order denying his motion for a new trial defendant prosecutes this appeal.

The record reveals the following factual background surrounding this prosecution. Richard W. Green, a police officer of the city of Los Angeles, was investigating a reported burglary which occurred at 1820 W. Pico Boulevard. One of the officers who had been in the vicinity that particular night and had been fired upon, gave a description in the police report of a man seen in that vicinity which neither fitted the description of the defendant nor that of one Verdi Woodward, at whose apartment Officer Green later apprehended defendant. But, Green also had a description of a suspect that was given by officers who were at the scene of the burglary which matched the description of the defendant. Further, Green had a description of a wanted person which matched that of the defendant, which had been received from an unnamed informant at about 3 o'clock the afternoon of April 12, 1956.

At approximately 3:30 or 4 p. m. on April 12, 1956, Officer Green received from an untested informant "information that one person answering by the name of Verdi Woodward was wanted for burglary and the description of a second suspect also wanted for an attempted safe burglary on Pico Boulevard." Green also received information from one of the officers in the Valley Division that Woodward might live at the particular location where the arrest was later made. Officer Green also took a "mug shot" of Woodward when he and other officers went to the scene of the arrest.

Green and the other officers waited outside at this location for about six hours, during which time no one left the apartment. The officers thereupon went to the apartment door and knocked, but nobody answered. Since there was a light on in the apartment, although only a blue light left by the occupants, the officers sought out the manager and showed him the "mug shot" of Verdi Woodward. The manager thereby identified the room for the officers and let them in. Nobody was inside, so the officers sat down to wait. The officers had no search warrant and in answer to a question as

to whether any effort was made to obtain one, Officer Green testified, "No, sir, we did not. The courts were closed after 4:30."

About 11 p. m. Mr. Woodward, his wife, and the defendant entered the apartment. One of the officers immediately stated to all that entered the room: "You are under arrest for burglary." Officer Green testified that based on conversation with the officers who were at the scene of the burglary, and with the informant, defendant's description fitted the description of a suspect at the time of the arrest, and Officer Green, at that time, considered him a suspect.

The officers searched the two men for weapons and, pursuant thereto, a tinfoil packet was taken from the person of the defendant. The contents of this packet, upon scientific analysis, was found to be cannabis sativa, commonly known as marijuana.

The officers took the trio to the University Station where, at 12:30 or 1 a. m., the defendant freely and voluntarily made the statement that he had received the marijuana that night from a man on the street and that this person had told him that there might have been enough marijuana to make a "joint" from it.

The sole ground urged for reversal is that the court erred in refusing to suppress all the evidence obtained by the search and seizure that occurred at the time of appellant's arrest. However, the record herein reflects that at no time during the trial did appellant make any objection to the receipt of the evidence or a motion to strike. It is true that on his motion for a new trial, appellant argued the principles enunciated in the case of *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905]. ■ But, we are satisfied that unless an accused raises the issue of a claimed unlawful search and seizure at the trial by appropriate objection or motion to strike, the point will not be considered on appeal. (*People* v. *Kelsey,* 140 Cal.App.2d 722, 723 [295 P.2d 462].)

■ However, since the issue was argued on the motion for a new trial, we have examined the record in this case and are persuaded that under the facts and circumstances presented herein, the search of appellant was reasonable. At the time of the latter's arrest he was with one Verdi Woodward, who was wanted for burglary and whom the officers were waiting to arrest. Appellant himself was considered by the officers who arrested him to be a person who fitted the

description of a burglary suspect. At the trial Officer Green testified as follows:

"Q. Officer Green, you are one of the arresting officers of the Defendant Brittain; is that right? A. Yes, sir.

"Q. Now, in your own mind at the time that you arrested him did you consider him a suspect of any kind? A. Yes, we did.

"Q. And what was the basis of your considering him a suspect? A. Conversation with the officers that were at the scene of a burglary at 1820 West Pico on the 12th of I believe it was May, the conversation that we had with some Valley officers with regard to a defendant, Verdi Woodward, and another person which we had talked to that same day."

The substance of all the definitions of probable cause is a reasonable ground for belief of guilt (*People* v. *Kilvington,* 104 Cal. 86, 92 [37 P. 799, 43 Am.St.Rep. 73]). Moreover, under the facts presented by the evidentiary features of this case, the officers were justified in taking precautionary measures to assure their own safety when they encountered the suspects. It was therefore reasonable for the officers to search them for weapons, and when they found the contraband they were justified in taking it (*People* v. *Martin,* 46 Cal.2d 106, 108 [293 P.2d 52]).

For the foregoing reasons, the judgment and the order denying defendant's motion for a new trial are, and each is affirmed.

Doran, J., and Fourt, J., concurred.