[Crim. No. 6299.   Second Dist., Div. Three.   Dec. 31, 1958.]

THE PEOPLE, Respondent, v. WILLIAM WENDELL THOME, Appellant.

Harrison M. Dunham for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was charged with unlawful possession of marijuana. In a nonjury trial, he was convicted. Allegations in the information that he had been convicted previously of two felonies (robbery and unlawful possession of narcotics) were found to be true. He appeals from the judgment.

Appellant contends that the officers obtained the marijuana

by illegal search and seizure; and that the evidence was insufficient to support the judgment.

Officer Faulkner testified that on the morning of December 10, 1957, he received confidential information that defendant would have narcotics in his possession when he returned to his home between 9 a. m. and 11 a. m. on that day. About 10 a. m. of that day, Officers Faulkner and McMahon went to defendant's home, and about five minutes thereafter defendant drove his car (two-door car) into the yard and parked the car. Officer McMahon went to the driver's side of the car and asked defendant to get out. Officer Faulkner (witness) opened the right door of the car and, as he pushed the back of the right front seat forward, a hand-rolled cigarette fell to the floor back of the seat. The cigarette resembled a marijuana cigarette. When Officer McMahon called defendant's attention to the cigarette, defendant said, "If there is anything in that car, it don't belong to me." The officers went to defendant's house, which was about 30 feet from defendant's car. Then defendant grabbed Officer Faulkner's arm and attempted to prevent the officer from entering the house. The officers entered and searched the house. Officer Faulkner found, on a kitchen shelf, a jar in which there were 11 hand-rolled cigarettes, 3 packages of cigarettes wrapped in tinfoil, and 2 paper sacks. In one sack there were seeds, and in the other sack there was a leafy substance. On another shelf he found 2 hand-rolled cigarettes. Defendant said that he owned the car which he drove into the yard. Defendant also said that the cigarettes and sacks, which were found by the officers, "must belong to a J. C. Moss." Later, on the way to the police station, defendant said that a man had stated that he would "plant marijuana" on defendant. Officer Faulkner (witness) knew the defendant and had arrested him previously upon a charge of sale and possession of narcotics.

Officer McMahon testified that when defendant was at the police station, after the arrest, defendant said he would tell where he got the marijuana if the officers would not "use it against" him. After the officer had said that such a promise could not be made, the defendant said that he got it from Bob Buckner.

Officer Castillo testified that, in a conversation with defendant at the police station on December 11, the defendant said that he had the narcotics in his house about five days, he obtained them from a man by the name of Buckner, and that

defendant and Tony Tangery had rolled the cigarettes at defendant's house.

The cigarettes and leafy substance were received in evidence. The leafy substance was marijuana, and the cigarettes contained marijuana. The officers did not have a search warrant, or a warrant for the arrest of defendant.

Defendant testified that he told the officers, at the police station, that the marijuana was not his and he did not know how it got into his house or car; and he also told them that if there was any marijuana in his house or car, it had been planted there.

G. Blair, called as a witness by defendant, testified that Dick Jacob paid him $75 to plant marijuana in defendant's house; that he (witness) went into defendant's house and, without the knowledge of defendant, put marijuana in a jar and then put the jar on a shelf in the kitchen; that Jacob told him that he (Jacob) would put a cigarette in defendant's car.

On cross-examination, Blair testified that he had been convicted of violating section 503 of the Vehicle Code (taking automobile without consent of owner), and that he was ''doing time on that now.''

Appellant argues that since the officers did not have a search warrant, they obtained the marijuana by illegal search and seizure. When the marijuana was offered in evidence at the trial, there was no objection to the offer. At the trial it was stipulated that the exhibits that were introduced at the preliminary hearing might be considered by the court. Those exhibits included the marijuana which was obtained by the officers. Since no objection to such evidence was made at the trial, an asserted point on appeal that such evidence was erroneously received will not be considered. (*People* v. *Kelsey,* 140 Cal.App.2d 722, 723 [295 P.2d 462].)

Appellant argues, with respect to his claim of insufficiency of the evidence, that the direct and positive evidence on his behalf showed that he had no knowledge of marijuana being in his house or car; and that he was convicted irrespective of such evidence on his behalf. The direct and positive evidence, so referred to, apparently is the denial by appellant that he had such knowledge, and the testimony of Blair that he planted the marijuana in the house, and that Jacob said he would plant a cigarette in the car. The sum of appellant's argument is that the judge should have believed the testimony presented by and on behalf of appellant. The credibility of the witnesses and the weight of the evidence were matters for

the determination of the trial judge. The judge said that he did not believe the testimony of Blair. The question as to whether defendant knew that the marijuana was in his house or in his car was a question of fact for the trial judge. The evidence was sufficient to support the judgment.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.