[Crim. No. 6450.    Second Dist., Div. Three.    Apr. 30, 1959.]

THE PEOPLE, Respondent, v. WILLIAM BANKS, JR.,
Appellant.

Bernard S. Jefferson, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Respondent.

SHINN, P. J.—In a court trial, William Banks was convicted of possessing marijuana and was sentenced to state prison. He appeals from the judgment.

Having received information that narcotic suspects were using the premises at 2835 Edgehill Drive as a "shooting gallery," Officer Florrne Kennedy of the Los Angeles Police Department went to the location at 1:30 a. m. on December 17, 1957 in the company of two other officers. Officer Starkey went to the front door, Officer Uno to the north side of the house, and Officer Kennedy to the south side of the house. Starkey rang the front doorbell and knocked on the door. A few seconds later, a French door on the south side of the house opened and Kennedy observed the hand of a male Negro throw out a package which struck him on the shoulder; the man was wearing a short-sleeved shirt with a wide brown stripe. Kennedy retrieved the package, opened it and observed what resembled marijuana cigarettes. About 15 seconds later, a package wrapped in tinfoil came through the door and landed at Kennedy's feet. This package had been thrown by a colored woman; it contained balloons similar to those used by narcotic addicts. Kennedy shouted to Starkey: "They are getting rid of it. Knock the door down." A female voice stated that the door would be opened and the officers entered the house.

The officers found Banks, a man named Taylor, and Banks' codefendant Jessie Houston in the living room. Kennedy observed that Banks was wearing a light tan or cream-colored polo type of T-shirt with short sleeves and a wide brown stripe near the bottom just above the elbow. He identified appellant as the man who had thrown the first package through the French door. Taylor was wearing a long-sleeved shirt. Before leaving the house, Kennedy rolled up Taylor's sleeves to check

his arms for needle marks. When questioned by the officer, Banks denied knowing anything about the package.

Kennedy placed his initials on the package thrown by appellant, sealed it inside a manila envelope and delivered the envelope to the police property section for an examination of its contents.

It was stipulated that William G. Penprase was a qualified police chemist, and that if called as a witness he would testify that he received a sealed envelope marked in the case of Willie Banks, that he opened it and found it to contain a smaller envelope, that the smaller envelope contained a brown bag containing 20 cigarettes wrapped inside a piece of brown paper, and that he "chose ten at random" and found a leafy material consisting of marijuana.

Kennedy testified on direct examination that the package thrown by appellant was the one whose contents were described in the testimony of the police chemist. On cross-examination, it was brought out that at the preliminary hearing of Mrs. Houston the officer had testified that the cigarettes were not contained in a bag when he recovered them and that he had taken a brown bag from the house to use as a container for the narcotics. The package was received in evidence without objection as People's Exhibit Number 2.

Jessie Houston testified on behalf of appellant that she threw out of the French door a single package containing both the heroin and the marijuana and that all of the narcotics belonged to her. Banks was in the bathroom when the officers entered and Taylor's shirt sleeves were rolled up. Appellant testified that he was not in possession of marijuana and did not dispose of the package. On cross-examination, he admitted having suffered two prior felony convictions for narcotic offenses.

The first contention to be considered is that the contraband was obtained by means of an unlawful search and seizure. As mentioned earlier, the marijuana was received in evidence without objection. It is sufficient to say of this point that the admissibility of evidence allegedly obtained by means of an illegal search and seizure will not be reviewed on appeal in the absence of a proper objection in the trial court. (*People* v. *Kelsey*, 140 Cal.App.2d 722 [295 P.2d 462].)

The remaining contention to be noticed is that the evidence was insufficient to support the conviction.

Appellant's main points regarding the sufficiency of the evidence are that the court could not have found that he

attempted to dispose of a package or that the package he threw was the one received as an exhibit without resorting to speculation and conjecture. The argument is untenable.

With respect to the first point, Banks was identified by Kennedy as the man who threw the first package out the French door. The court gave full credit to the officer's testimony. It is not for us to say that the identification was insufficient. (*People* v. *Alonzo,* 158 Cal.App.2d 45, 47-48 [322 P.2d 42].)

As to the second point, appellant urges that Kennedy's identification of the exhibit was vitiated by the testimony of the chemist that the exhibit contained two envelopes and by his own previous statement that the cigarettes thrown from the house were not inside a bag. But this question was also one for the trier of fact, and not for a reviewing court.

A third point is that the testimony of the police chemist was wholly conjectural because, in the words of the stipulation, Mr. Penprase merely ''chose'' 10 cigarettes and ''found'' them to contain marijuana and it was not specified that the 10 cigarettes were among the 20 in the package or that he subjected them to a scientific examination. The argument is obviously an afterthought. It was not advanced at the trial. Appellant entered into the stipulation without seeking any clarification of the proposed testimony. Any imprecision in the terms of the stipulation could have been remedied either by amendment or by calling Penprase as a witness to describe how he arrived at his conclusion that the cigarettes were contraband.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.