[Crim. No. 6971.   Second Dist., Div. Three.   July 6, 1960.]

THE PEOPLE, Respondent, v. HERMAN LITTLE, Appellant.

Joseph T. Forno for Appellant.

Stanley Mosk, Attorney General, Elizabeth Miller and Clara E. Kauffman, Deputy Attorneys General, for Respondent.

SHINN, P. J.—Herman Little appeals from a judgment of guilt of violation of Penal Code, section 337a, subdivision 1, violation of subdivision 2 of the same section, and a violation of subdivision 4. An allegation of the information charging defendant with having served a term in prison following

a prior conviction of burglary was found to be untrue. Defendant's motion for new trial was denied and he appeals from the order of denial and from the judgment.

The sole point on the appeal is that the court committed error in receiving in evidence a copy of the National Daily Reporter and certain papers identified as betting markers which the arresting officers found in defendant's apartment. It is contended that these papers were obtained by means of an unlawful search and seizure.

There was testimony by police officer Walters that he learned the location of a telephone bearing a number that he had obtained for investigation as an apartment building at 519 West 92nd Street in Los Angeles. He called the number; defendant answered the phone; the officer endeavored to place a bet, was asked by defendant his name; he replied "Sam," was asked where he got the telephone number and stated from "John," whereupon defendant said the speaker evidently had the wrong number and hung up. Walters and several other officers went to the door of the apartment, knocked four or five times, announced they were police officers; Walters stated they were informed that defendant was making book on the premises, which defendant denied. Walters said "You won't mind if we come in and look around, will you?" and defendant replied "Come on in and do whatever you want." The officers entered and searched the premises. They found torn pieces of paper which when reassembled proved to be a copy of the National Daily Reporter and betting markers in the handwriting of defendant. Upon the discovery of these, defendant was placed under arrest. He admitted to Officer Walters that he had been taking some bets, had made the entries on the betting markers and that he sometimes occupied the apartment. At the same time he stated that the bets indicated on the betting markers were his own.

Since the betting markers admittedly indicated that bets had been made, it was reasonable for the trial court to conclude that they were bets which defendant had accepted from others and recorded. Although insufficiency of the evidence is not urged as a ground for the appeal, it is apparent that there was substantial evidence of the commission of the three offenses charged.

The copy of the National Daily Reporter and the betting markers were offered in evidence by the People and were received without objection. Thereafter defendant was called as a witness and his attorney stated "The only issue we have is

the unlawful seizure question. The Court: Do you want to argue it? Mr. Fitzgerald: I would like to have some testimony. The Court: Go ahead." Thereupon defendant gave his testimony which coincided with that of Officer Walters with the single exception that defendant testified that some one at the door stated "We are police officers and open the door or we are going to break it down." Walters denied that anyone made a threat to break down the door.

At the conclusion of defendant's testimony the defense rested. No question was raised as to the receipt in evidence of the exhibits except the equivocal statement as noted above, which did not constitute an objection. But an objection, well stated, would not have been valid. No motion was made to strike out the evidence.

In his statement of the facts defendant says in his brief that the officers "proceeded to threaten to break the door down if they were not admitted" and "the door was opened under the weight of this threat of force" etc. No mention is made of Walters' denial of defendant's testimony of a threat to break down the door. The statement in the brief misrepresents the record and is misleading.

We must, of course, assume that the court believed Officer Walters' testimony and that the premises were entered with defendant's consent. (*People* v. *Fields,* 167 Cal.App.2d 773 [334 P.2d 1001].)

Since the papers that were seized were admitted without objection, it cannot be urged on the appeal that they were seized unlawfully. (*People* v. *Brittain,* 149 Cal.App.2d 201 [308 P.2d 38].)     From the implied finding that defendant voluntarily admitted the officers knowing their purpose, it follows that the entry, the arrest and the search were made lawfully. There was evidence of bookmaking (*People* v. *Sumner,* 117 Cal.App.2d 40 [254 P.2d 598]); evidence that defendant was occupying a place for the purpose of recording bets (*People* v. *Lundy,* 151 Cal.App.2d 244 [311 P.2d 601]), and that he had recorded bets (*People* v. *Newman,* 24 Cal.2d 168 [148 P.2d 4, 152 A.L.R. 365]).

The judgment and the order denying motion for new trial are affirmed.

Vallée, J., and Ford, J., concurred.