7 Cal.Rptr. 167]

[Crim. No. 1438.    Fourth Dist.    Aug. 19, 1960.]

THE PEOPLE, Respondent, v. PAUL JEROME ACCARDY,
Appellant.

Thomas Whelan for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Respondent.

SHEPARD, J.—Appellant was charged by information with violation of Health and Safety Code, section 11500 (unlawful possession of narcotics). After jury trial, a verdict of guilty was returned and the court granted probation for five years on preliminary conditions, *inter alia,* that defendant serve the first 90 days in custody and pay a fine of $500. Defendant appeals.

The record before us shows, in general substance, that appellant operated a small store and soda fountain business; that his home was immediately in the rear of the store but not physically connected therewith nor under the same roof; that he was not a licensed pharmacist; that on November 18, 1958, Ray Bascom, investigator for the California State Board of Pharmacy, bought from appellant certain articles for the dispensation of which a pharmacist's license is required, and one of which articles required a doctor's prescription because it contained a dangerous drug; that appellant did not ask for nor receive a prescription in selling such articles; that on November 19 Bascom returned to appellant's place of business with an officer of the San Diego Police Department and another inspector of the State Board of Pharmacy, and again purchased from appellant, without a doctor's prescription, certain drugs which he could not lawfully dispense without a pharmacist's license and without a doctor's prescription; that on both occasions appellant went out of sight toward the rear of the store and returned with the articles sold; that the rear of the store has a storeroom from the rear door of which, a few steps away, access may be had to the separate residence of appellant; that appellant immediately after the sale to Bascom on the 19th, was arrested by the officers there present on the charge of furnishing a dangerous drug without a prescription (violation of Bus. & Prof. Code, § 4227) ; that the three officers immediately took appellant to the storeroom in the rear of the store to search for the stock of drugs from which the sale had been made; that they were unsuccessful and inquired of appellant as to its location; that after considerable questioning

appellant stated the stock of drugs was in the house at the rear and consented to the officers making a search of the house and taking the drugs; that the officers did enter the house and found therein a considerable quantity of drugs in boxes in commercial quantities placed around the room on the floor; that these drugs consisted of miltown, secconal and amphetamines, derivatives of barbituric acid and paregoric; that analysis of the paregoric showed it contained .179 grains of morphine per fluid ounce plus opium; that appellant had obtained these drugs from a wholesale drug firm on a false representation to the firm that appellant had a pharmacist's license to dispense the drugs, giving a license number that belonged to a dentist who had no connection with appellant.

The evidence was conflicting as to consent for the search, who opened the door to appellant's house, whether or not a key was necessary therefor, whether or not additional words of consent were uttered by appellant upon entering the house, and what the representations of appellant were to the drug firm from whom he obtained the drugs. Substantially all the other material facts are not contradicted. There is no contention by appellant that his possession of the narcotic was lawful nor that it was not in violation of Health and Safety Code, section 11500.

### EXPLORATORY SEARCH BAR DISPELLED BY CONSENT

Appellant first contends that it was error for the trial court to admit the evidence of the unlawful possession of the narcotic because it was discovered only by a so-called exploratory search following arrest for furnishing a dangerous drug without a license. That there was probable cause for the original arrest is not questioned by appellant. Business and Professions Code, section 4231, provides that "all stock of any dangerous drug of a . . . pharmacy . . . shall be at all times during business hours open to inspection by authorized officers of the law."

Due to the fact that appellant, in filling the orders on November 18 and 19, went to the back of the storeroom and that upon search of that storeroom the basic commercial supply of drugs from which the orders were filled could not be found, there was reasonable cause for the officers to believe that the source of supply was close at hand outside the storeroom, in or on other premises under appellant's control. The suggestion that the officers on completion of their search of the storeroom had all the evidence necessary for prosecution is a mere state-

ment of opinion. Any competent trial lawyer or judge knows that there is no way to ever define just what quantum of evidence is necessary to convince a jury beyond a reasonable doubt of a defendant's guilt. The possession by appellant of a stock of drugs in commercial quantities would certainly be corroborative evidence of the testimony of officers as to the facts leading to the arrest in this case, and would clearly be admissible as such, provided the evidence had been lawfully obtained. Every experienced officer realizes his duty to pin down and marshal for later production in court every item of evidence, no matter how minute, connected with the offense for which the arrest was made, that it is practically feasible to obtain. In fact, such practice not infrequently turns up evidence that acquits the defendant, for a good officer gathers all the evidence, not just that which supports guilt. With this in mind, the statement of appellant that the drug supply was kept in appellant's home at the rear of the store furnishes ample reason for the search, and the consent of the defendant to that search disposes completely the question of the lawfulness of the search and it is unnecessary to discuss the question of whether or not the search would have been lawful without consent. We find nothing in *People* v. *Mills*, 148 Cal.App.2d 392 [306 P.2d 1005]; *People* v. *Schaumloffel*, 53 Cal.2d 96 [346 P.2d 393]; *Hernandez* v. *Superior Court*, 143 Cal.App.2d 20 [299 P.2d 678]; and *Agnello* v. *United States*, 269 U.S. 20 [46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409], contrary to this view. In those cases consent was not present.

### ADMISSIBILITY OF EVIDENCE IS A QUESTION OF LAW FOR THE COURT

Appellant next contends that the court erred in failing to submit to the jury the question of whether appellant consented to the search of his home. Code of Civil Procedure, section 2102, provides, as to this question, as follows:

"QUESTIONS OF LAW ADDRESSED TO THE COURT. All questions of law, including the admissibility of testimony, the facts preliminary to such admission, and the construction of statutes and other writings, and other rules of evidence, are to be decided by the Court, and all discussions of law addressed to it."

Our Supreme Court has disposed of the matter as far as the California courts are concerned, in the following language, in *People* v. *Gorg*, 45 Cal.2d 776, 780-781 [5-8] [291 P.2d 469]:

"Defendant contends preliminarily that the trial court erred in determining the question of the admissibility of this evidence outside the presence of the jury and in not submitting it to them. The procedure adopted by the trial court was proper, for the admissibility of the evidence presented a question of law for the court. (Citations.) Defendant urges, however, that the same procedure should be followed as in the case of a confession, where the trial court initially determines the question of admissibility and then instructs the jury to disregard the confession if they find that it was not freely and voluntarily made. The rule of the confession cases is justified by the fact that the jury must necessarily be informed of the circumstances surrounding the confession properly to evaluate it. The probative value of evidence obtained by a search or seizure, however, does not depend on whether the search or seizure was legal or illegal, and no purpose would be served by having the jury make a second determination of that issue. Moreover, the legality of a search or seizure will frequently depend on whether the officer had reasonable cause to make an arrest, and since such cause is not limited to evidence that would be admissible at the trial of the issue of guilt (citation), evidence that was otherwise inadmissible and prejudicial would frequently be presented to them if the jury were required to pass on the legality of the search or seizure."

The United States Supreme Court and California District Courts of Appeal have announced the same rule. (*Gila Valley, G. & N. R. Co.* v. *Hall*, 232 U.S. 94 [58 L.Ed. 521, 525, 34 S.Ct. 229] ; *People* v. *Lawrence*, 168 Cal.App.2d 510, 517 [8b] [336 P.2d 189] ; *People* v. *Guy*, 145 Cal.App.2d 481, 490 [8] [302 P.2d 657].)

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied September 8, 1960, and appellant's petition for a hearing by the Supreme Court was denied October 13, 1960.