[Crim. No. 7424. Second Dist., Div. One. Dec. 27, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. PHILIP POSADA, Defendant and Appellant.

536

Ernest L. Graves, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Elizabeth Miller and Felice R. Cutler, Deputy Attorneys General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of a violation of section 11530, Health and Safety Code.

In an information filed in Los Angeles County on May 17, 1960, the defendant was charged with the possession of a narcotic on April 10, 1960. The defendant was represented by counsel at all stages of the proceeding. The defendant pleaded not guilty. A jury trial was waived. The defendant was found guilty as charged, probation was denied and he was sent to the state prison. A notice of appeal was filed by defendant in propria persona. This court appointed counsel to represent the defendant in this proceeding.

A résumé of some of the facts in the case is as follows: about the middle of the afternoon of April 10, 1960, the appellant was involved in a vehicular accident. He was brought to the receiving hospital on an ambulance stretcher and taken to a treatment room, where he was attended by Nancy Berliner and Hortense Mathews, who were registered nurses. A doctor at the receiving hospital examined the appellant and directed that he be sent to a hospital. The nurses first saw the appellant about 4:30 p. m. Appellant was taken from the ambulance stretcher and placed on the treatment table. After the examination by the doctor and the doctor's order to the effect that the appellant be hospitalized the nurses, pursuant to the practice at the receiving hospital, removed the appellant's clothing. Mrs. Berliner, while checking the property of the appellant, looked into a pants pocket of appellant and saw ". . . strange looking objects there. . . . something like cigarettes, only they are [sic] wrapped in a rougher yellow paper than cigarettes are." She then showed the "objects" to Miss Mathews; however the objects which appeared to be cigarettes were not removed from the pants at that time. Miss Mathews had attended a class on the subject of narcotics and the cigarettes appeared to her to contain marijuana.

Officer Stevens appeared at the receiving hospital in the course of investigating the accident in which the appellant was involved. The nurses showed the officer the trousers. He looked into the pants pocket and saw the cigarettes, which appeared to him to be marijuana cigarettes. The cigarettes were then removed from the clothing, one of them was par-

tially opened and the contents were smelled. The officer showed the cigarettes to the appellant and asked him if they were his and appellant answered, "Yes." Appellant further stated that he had purchased them from a person at Third and Broadway Streets; that he had smoked a marijuana cigarette that morning. It was the opinion of the officer that the appellant was conscious when he talked with him. It was the opinion of Mrs. Berliner that the appellant was conscious, that he answered her questions, and that he was coherent. It was satisfactorily established that a chemist had examined the objects or cigarettes and found that they did contain marijuana.

Appellant now contends that (1) the evidence was obtained by an illegal search and seizure, (2) the court refused to consider whether the appellant was conscious at the time of his confession and treated evidence of a prior narcotics conviction as affirmative evidence of possession, and (3) the prosecutor was guilty of misconduct in "sponsoring" the errors of the trial judge.

 With reference to the first contention it is to be noted that there was no objection to the receipt of the evidence in the trial court. It was stated in *People* v. *Banks,* 170 Cal. App.2d 72, 74 [338 P.2d 515], "It is sufficient to say of this point that the admissibility of evidence allegedly obtained by means of an illegal search and seizure will not be reviewed on appeal in the absence of a proper objection in the trial court. (*People* v. *Kelsey,* 140 Cal.App.2d 722 [295 P.2d 462].)" In *People* v. *Jaquish,* 170 Cal.App.2d 376, 379 [338 P.2d 974], it is set forth: "Moreover, the question of unlawful search and seizure was not raised in the trial court and hence is not available here. (*Robinson* v. *Superior Court,* 49 Cal.2d 186, 187 [316 P.2d 1]; *People* v. *Guy,* 145 Cal.App.2d 481, 488 [302 P.2d 657].)"

Appellant has cited *People* v. *Kitchens,* 46 Cal.2d 260 [294 P.2d 17], as authority for his position. In the *Kitchens* case at page 262 it is said: "Although we adhere to the rule that ordinarily the admissibility of evidence will not be reviewed on appeal in the absence of a proper objection in the trial court, we conclude that it is not applicable to appeals based on the admission of illegally obtained evidence in cases that were tried before the *Cahan* decision."

Appellant's case was tried long after the *Cahan* decision, and the *Kitchens* case is not authority for his contention.

Even if there had been a proper objection the prosecution undoubtedly would have been able to show that the nurses were following a prescribed course of conduct under the circumstances, and that such conduct was perfectly reasonable and proper. It would seem to be only common sense for a receiving hospital to check out a patient's property, wrap it into one bundle and provide safe storage therefor until the patient is able to be about on his own. Otherwise it is not inconceivable that some patient might later on be claiming that he had great sums of money or diamonds or other items of great value in his belongings when he was being cared for and that when he was ready to leave the valuables were missing. ■ It was appropriately stated in *People* v. *Gonzales,* 182 Cal.App.2d 276, 279, 280 [5 Cal.Rptr. 920], as follows:

"[3] Under Civil Code, sections 1815 and 1816, a hospital would undoubtedly become the involuntary bailee of property carried on the person of an unconscious patient brought to it under conditions of emergency such as are here present. To take such property from the clothing of the patient, make a written list of it and put it in a safe place or hands for preservation would be the normal and reasonable act of a hospital attendant for the protection of both the hospital and the patient. Criticism of a hospital for such an act, we believe to be completely unwarranted."

". . . . . . . . . .

■ "[6] Reasonableness is not a mere matter of abstract theory but a practical question to be determined in each case in the light of its own circumstances. (*United States* v. *Yec Ngee How,* 105 F.Supp. 517.)

■ "[7] 'The constitutional guaranties protect the individual only from searches and seizures that are "unreasonable," which may be taken generally to mean "unlawful," and the law authorizes many types of reasonable inspections, examinations, investigations, searches and seizures without warrant, either from practical considerations of convenience and common sense or by statutes, rules, or regulations adopted in the exercise of the state's police power.' (44 Cal.Jur.2d 303, 304, Searches & Seizures, § 22.)"

■ In this case the nurses were doing exactly what they were supposed to be doing and located, in the course thereof, what they thought was marijuana. When the officer arrived on the accident investigation the nurses properly pointed out to him what they had seen. It appeared to the

officer that a crime was being committed and he proceeded properly, and after talking with the appellant, who admitted the possession of the marijuana, made the arrest. A police officer is not expected deliberately to overlook contraband.

■ Appellant argues that because the judge said, "Can't you stipulate either that he was unconscious or he wasn't unconscious, if either of you think it makes a bit of difference?" that he, the judge, refused to consider whether the appellant was conscious of what he was saying at the time of his confession. The remark of the judge was incidental and of no consequence when the entire proceeding is considered. The record demonstrates that the judge did not directly or indirectly stop the appellant from the introduction of any pertinent and proper evidence.

■ The fact that appellant may have been in pain or was not in the full possession of all of his faculties does not necessarily mean that the evidence of his confession was inadmissible. See *People* v. *Amaya*, 40 Cal.2d 70, 77 [251 P.2d 324]; *People* v. *Miller*, 135 Cal. 69, 71-72 [67 P. 12]; *People* v. *Lehew*, 209 Cal. 336, 342 [287 P. 337].

■ Furthermore the appellant made no objection to any remark of the trial judge at the time and appellant should not now for the first time be heard to complain thereof. *People* v. *Amaya*, 40 Cal.2d 70, 78 [251 P.2d 324]; *People* v. *Cheary*, 48 Cal.2d 301, 316 [309 P.2d 431]; *People* v. *Cole*, 177 Cal.App.2d 458, 461-462 [2 Cal.Rptr. 190].

■ Appellant's assertion that the trial judge should not have permitted any evidence of the prior narcotics conviction has no merit. Here the appellant was charged with the knowledgeable possession of a narcotic. The evidence was proper for a number of purposes, for example, to show guilty knowledge of the nature of the narcotics involved (*People* v. *Toms*, 163 Cal.App.2d 123, 127 [329 P.2d 90]) and to show whether appellant had any previous knowledge of narcotics. See *People* v. *Castellanos*, 157 Cal.App.2d 36, 39 [320 P.2d 152]. Furthermore as said in *People* v. *Lindsey*, 56 Cal.2d 324, 328 [14 Cal.Rptr. 678, 363 P.2d 910], ■ "Moreover, the case was tried by the court sitting without a jury, and a judge is much less likely than a jury to be improperly influenced by such evidence, since his trained legal mind will view the evidence in its proper light and for the limited purpose for which it was introduced."

There was no miscarriage of justice in this case. See article VI, section 4½, Constitution of California.

With reference to the last contention the record is barren of any misconduct on the part of the prosecutor. The appellant made no objections at the time of any alleged so-called misconduct.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.