AGEE, J.
 
 *
 

 Defendant was indicted and convicted on four counts, sale of heroin on October 25, 1960, sale of heroin on October 26, 1960, possession of heroin on January 19, 1961, and possession of a eoncealable firearm on January 19, 1961, he being a convicted felon. He was also charged with three prior felony convictions, two of which he admitted upon arraignment and the other having been found by the jury to be true.
 

 A warrant for defendant’s arrest, based upon the heroin sales of October 25, 1960, and October 26, 1960, was issued, and on January 19, 1961, shortly after 9 o’clock p. m., four police officers, with the warrant in their possession, went to the address where defendant was believed to be living at that time. Two of them went up the front steps and rang the doorbell at the front door. The woman who answered the door informed them that defendant “lived downstairs in the basement apartment.” They then went down the steps and through an unlocked door which was at ground level and which opened into a side passageway leading to the rear yard. Along the right side of the passageway and immediately adjacent thereto was the outside door of the defendant’s basement apartment. This door opened directly into the defendant’s living room. The other two officers had already gone through the passageway to the backyard in order to cover the rear of the building.
 

 The officers knocked and defendant’s wife opened the door. They told her who they were and that they had a warrant for the defendant’s arrest. She said that he was in bed, asleep. The officers went through the living room and into the bedroom. They woke the defendant, handcuffed him, told him that they were police officers and that he was under arrest for sale of narcotics. The defendant was half-clothed. An officer asked the defendant if the trousers hanging on
 
 *757
 
 a chair in the bedroom were his and he replied that they were. The officer looked through the trousers and found the defendant’s wallet in the rear pocket and a packet of heroin in the watch pocket. The third count is based upon possession of this heroin. An officer then asked defendant where the gun was. Defendant said, “It’s here,” and then hesitated. His wife thereupon said, “It’s under the refrigerator.” An officer felt under the refrigerator and pulled out the gun. This is the gun upon which the fourth count is based.
 

 Were the Heroin and the Gun Illegally Seized?
 

 Defendant objected to the admission in evidence of the heroin and the gun found by the officers at the time of his arrest on the ground that the officers had gained entrance to his apartment by the illegal use of force. Defendant and his wife testified that force must have been used because the outside door of the passageway was always locked and there were crowbar marks on it which must have been made by the officers. The officers denied the use of any force in gaining entry. The defendant and his wife also differed with the officers as to what occurred inside their apartment after the officers had entered.
 

 The question of the admissibility of the heroin and the gun was one of law to be determined by the trial court
 
 (People
 
 v.
 
 Accardy,
 
 184 Cal.App.2d 1, 5 [7 Cal.Rptr. 167]), and it had the right to believe the testimony of the officers and disbelieve that of defendant and his wife.
 
 (People
 
 v.
 
 Thome,
 
 166 Cal.App.2d 668 [333 P.2d 394].)
 

 The position of the People is that the officers were lawfully engaged in executing a warrant for the arrest of defendant on two felony charges and that looking through the pockets of defendant’s trousers, which were beside the bed, and reaching under the refrigerator after defendant had admitted the presence of a gun and his wife had stated that that was where it was, constituted a reasonable search and seizure incident to a lawful arrest.
 

 Section 841 of the Penal Code requires that in the situation presented herein, the person making the arrest shall inform the person to be arrested of the intention to arrest him, of the cause of the arrest, and the authority to make it. This was done. The defendant was also told of the nature of the charges against him. The defendant never demanded to be shown the warrant, although the officers told him they had one. It was introduced into evidence at the trial and
 
 *758
 
 the officers testified that it was with them at the time of the arrest.
 

 Defendant cites sections 843 and 844 of the Penal Code. Section 843 has to do with the means which may be used to effect an arrest
 
 if
 
 the defendant flees or forcibly resists. Defendant correctly states that there is no evidence that the defendant did either. The People do not contend to the contrary and do not rely upon this section to establish the lawfulness of the arrest. Section 844 provides for the breaking open of a door or window “
 
 after
 
 having demanded admittance and explained the purpose for which admittance is desired.” (Emphasis added.) The only door which defendant claims was broken open was the door leading from the outside into the passageway. Admittedly, the officers went through this door without first demanding admittance but, as before stated, the court was entitled to believe the officers’ testimony that the door was unlocked and that no force had been needed or used in order to gain entry, We hold that the arrest of defendant was lawful. It is well settled that a reasonable search without a search warrant may be made as incident to a lawful arrest.
 
 (People
 
 v.
 
 Winston,
 
 46 Cal.2d 151, 162 [293 P.2d 40].) In the cited ease, the officers went to defendant’s apartment with a warrant for his arrest but they did not have a search warrant. After placing the defendant under arrest, they searched his apartment and found three partially smoked marijuana cigarettes in the kitchen under a table scarf. His conviction on a charge of possession of this marijuana was upheld. In the instant ease, it was reasonable for the officers to search the defendant’s trousers before allowing him to put them on and it was also reasonable to look under the refrigerator after being informed that a gun was there.
 

 Section 846 of the Penal Code provides that any person making an arrest “may take from the person arrested all offensive weapons which he may have about his person .. . . ” After the defendant’s trousers were searched, he admitted, in response to a question, that a gun was there and his wife told the officers where it was. The defendant was engaged in the commission of a felony by having the gun in his possession or under his control because he was a convicted felon and the officers had the right to seize the gun as evidence of such offense. We bold that the officers acted reasonably and lawfully,
 

 
 *759
 
 Reference to Prior Convictions in Instructions Defendant complains of the frequency with which the court referred to prior felony convictions in its instructions. There is no merit to this contention.
 

 In his testimony given at the trial, defendant admitted three prior felony convictions. The jury was given the stock instruction that the fact that a witness has been convicted of a felony may be considered by it in judging the credibility of that witness. (Code Civ. Proe., § 2051.)
 

 The court properly read the indictment to the jury, the fourth count of which charges a violation of section 12021 of the Penal Code in that defendant had been convicted of a felony on January 15, 1945, and that on January 19, 1961, he had in his possession and under his custody and control a firearm capable of being concealed upon the person.
 

 After referring to narcotics provisions of the Health and Safety Code applicable to the first three counts, the court read the portion of section 12021 of the Penal Code applicable to the fourth count, including the words, “any person who has been convicted of a felony.”
 

 The court stated that the indictment charged that the defendant had been previously convicted of a narcotics offense in the United States District Court and instructed the jury that it would have to make a separate finding on the issue raised by defendant’s denial of this charge. Before giving this instruction, the court reminded the jury that, at the commencement of the trial, it had been informed of the charges contained in the four counts of the indictment. The fourth count alleged a robbery conviction in a California superior court as a part of the offense charged therein. The court obviously was attempting to avoid confusion in the jury’s mind between the robbery conviction alleged in count four and the narcotics conviction, which was charged separately and upon which the jury was required to make an independent finding.
 

 In explaining the form of verdict, the court stated that the “fifth paragraph relates to the alleged prior conviction that is denied by the defendant, that I referred to in my instructions, and there is a blank space in that sentence. Under the blank space it says ‘True’ or ‘Untrue.’ ” The record shows that counsel then examined the form of verdict and the court thereupon stated: “I had better make it clear, I should make it clear to the jury, so there is no confusion, that in the Indictment and the amendment to the Indictment
 
 *760
 
 filed by the District Attorney it is alleged that the defendant was convicted of the felony on January 15th, 1945, violation of Section 211 of the Penal Code, robbery, and a similar felony on January 7th, 1953, and the defendant admitted those felonies; and if my memory is correct, he was asked about it on the stand and he admitted them again. So in connection with this charge of violating Section 12021 of the Penal Code, in which it is alleged that he had previously been convicted on January 15th, 1945, of a felony, that is the same felony that has been admitted by the defendant, so that you do not actually make a finding as to whether or not the defendant was convicted of that felony, because he has admitted it; but, nevertheless, you do have to make a finding as to whether or not the allegation that he is guilty of this charge of possessing a firearm is true or untrue, you must find him guilty or not guilty of that charge.
 

 “Now, the fifth paragraph, as I indicated before, relates to the one charge of felony that I have previously referred to in the Federal Court, that is denied by the defendant, and you do have" to make a finding because of that denial as to whether or not it is true or untrue, as to whether or not he suffered that conviction and whether or not it was a felony.
 

 “Well, I think that is clear. If there is any question about it, you may return to the courtroom and I shall endeavor to explain it further, if there is any necessity for it.”
 

 We find that the court did not unduly emphasize the subject of prior felony convictions and that the references thereto were necessary to fully and correctly instruct the jury.
 

 Lastly, defendant contends that it was error for the court to refer to his denial of the Federal narcotics conviction because (1) he had in effect not denied it upon being arraigned and (2) he admitted it on the witness stand.
 

 Upon arraignment, the following occurred: “The Clerk: Before the commission of the offenses as set forth it is charged you were convicted in the District Court of the United States, Northern District, Southern Division, State of California, of the crime of violation of the Marijuana Tax Act, in March 1948, and served time in the Federal Prison. Is that true or untrue? Dependant Moore: Not March of ’48. The Cleric: That is what it says here. And in the State of California, City and County of San Francisco, you were convicted of the crime of robbery. Dependant Moore : Well, that is true. The Clerk: Defendant admits one prior. And Johnson Moore, you were charged with and convicted of the
 
 *761
 
 crime of robbery on January 16, 1945, in Superior Court, San Francisco. Is that true or untrue ? Defendant Moore : True. The Clerk: Admits two priors, denies one.”
 

 No objection was made by defendant or his counsel upon hearing the clerk’s statement, “Admits two priors, denies one.” The minutes of the court recite: “Defendant Moore pleads that he is not guilty of the offense charged in each of the four counts; and denies the charge of the first prior conviction, and admits the second and third charge of prior convictions.” The case went to trial with the record in this state.
 

 No motion was ever made to amend the minutes or have the defendant rearraigned as to the first prior conviction charged. No objection was made to the introduction by the People of the documentary proof of said prior conviction. (Pen. Code, § 969b.) The issue was allowed to go to the jury for its decision without objection.
 

 The contention is now being made for the first time that, in view of defendant’s equivocal answer upon his arraignment and his subsequent admission while on the witness stand, the trial court committed reversible error in stating to the jury that defendant had made a denial of the conviction in question and that it therefore was necessary for the jury to determine such issue and include a finding thereon in its verdict. We do not agree.
 

 Judgment affirmed.
 

 Bray, P. J., and Sullivan, J., concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied September 11, 1962.
 

 *
 

 Assigned by Chairman of Judicial Council.